IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MACK SMITH, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv−1106−SMY |
| | ) | |
| **JOHN BALDWIN,** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| **FURLOW,** | ) | |
| **DONALD E.J. WANACK,** | ) | |
| **JOHN DOE 1,** | ) | |
| **JOHN DOE 2,** | ) | |
| **JOHN DOE 3,** | ) | |
| **JOHN DOE 4,** | ) | |
| **JOHN DOE 5, and** | ) | |
| **JOHN DOE 6** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**Yandle, District Judge:**

Plaintiff Mack Smith, an inmate in Pickneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory damages and declarative relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>           (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
>           (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff alleges that on April 25, 2016 at approximately 12:30 pm, he participated in a House 5 recreation period in Cage #2. (Doc. 1, p. 3). Defendant Wanack and John Does #1-6 came out to inform the prisoners that the recreation period was over. (Doc. 1, p. 3). At that time, several of the other inmates became rowdy and started taunting Wanack. (Doc. 1, p. 3). Those inmates refused to come to the gate to cuff up. (Doc. 1, p. 3). Plaintiff stands 6 feet 7 inches tall, and to avoid an altercation, went to the gate to cuff up first. (Doc. 1, p. 3). Plaintiff assumed the cuff-up position by placing his hands behind his back, stooping, and placing his hands in the chuck hole slot to be handcuffed. (doc. 1, p. 3).

When Plaintiff placed his hands in the chuck hole, Wanack stated, "Not you!" (Doc. 1, p. 4). Wanack then inserted his hand into the chuck hole slot and pushed Plaintiff away. (Doc. 1, p. 4). Plaintiff felt Wanack's fingers "touch the crease of his buttocks." (Doc. 1, p. 4). Plaintiff immediately hopped up and asked Wanack, "What the fuck did he think he was doing?" (Doc. 1, p. 4). Wanack laughed and said "Did I go deep enough?" (Doc. 1, p. 4). Plaintiff then began telling Wanack that he was a grown man and not a homosexual and did not participate in homosexual activities. (Doc. 1, p. 4). Wanack told Plaintiff that he was "not going to have this childish conversation. . ." (Doc. 1, p. 4). Plaintiff felt violated by the encounter. (Doc. 1, p. 4). Plaintiff alleges that John Does #1-6 watched the incident, but did not intervene. (Doc. 1, p. 5).

Plaintiff filed an emergency grievance with Defendant Lashbrook on April 27, 2016. (Doc. 1, p. 5). Defendant Furlow conducted an internal affairs investigation into the matter. (Doc. 1, p. 6). On July 9, 2016, Plaintiff's grievance was returned to him and his allegations of sexual assault were found unsubstantiated. (Doc. 1, p. 5).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The Court will dismiss all three claims at this time.

**Count 1 – Defendant Wanack sexually assaulted Plaintiff when he touched the crease of his buttocks in violation of the Eighth Amendment, and John Does #1-6 condoned, approved, and/or turned a blind eye to the behavior when they refused to intervene**

**Count 2 – Defendants Wanack and John Does #1-6 committed the state law tort of battery when Defendant Wanack touched the crease of Plaintiff's buttocks and Defendants Does #1-6 refused to intervene**

**Count 3 – Defendants Furlow, Lashbrook, and Baldwin are liable for Defendant Wanack's conduct under a theory of respondeat superior in their official capacities.**

As to **Count 1**, it has long been recognized that the "core requirement" of the claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). *See also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). But "not every 'malevolent touch' by a security officer implicates the Constitution." *Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009) (citing *Hudson*, 503 U.S. at 9). The use of *de minimus* force, for example, is not prohibited under the Eighth Amendment. *Id.* at 9-10. Factors that guide the Court's analysis of whether an officer's use of excessive force was legitimate or malicious are the need for an application of force, the amount of force used, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury suffered by the prisoner. *Hudson*, 503 U.S. at 7; *Hendrickson*, 589 F.3d at 890; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). T

When a guard intends to humiliate or gratify himself through an unwanted touching of an inmate's private parts, the intrusion violates the prisoner's Eighth Amendment rights, even if the force that a guard uses is slight. *Washington v. Hively,* 695 F.3d 641, 642–43 (7th Cir. 2012). Sexual offenses can "cause significant distress and often lasting psychological harm." *Id.* at 643.

Plaintiff has alleged that Defendant Wanack touched the crease of his buttocks while pushing Plaintiff away from the chuck hole of the outside exercise space. Plaintiff further alleges that Wanack told him he did not want Plaintiff cuffing up first. This supports an

inference that Wanack was attempting (however crudely) to manage the cuffing up of the inmates, not gratify himself sexually.

While the Seventh Circuit has previously held that a claim should survive threshold review if the district court can draw an inference from the complaint that a defendant inserted a digit into the prisoner's anus, no such inference can be drawn here. *Rivera v. Drake*, 497 F. App'x 635, 636 (7th Cir. 2012). Based on the position Plaintiff was in at the time of the relevant incident, the touching was more likely accidental. The force used was *de minimus* in that Plaintiff does not allege that he fell or suffered any physical injury. Plaintiff's description of the incident suggests that Wanack was not trying to gratify himself sexually. As Plaintiff's Complaint does not sufficiently allege that Wanack committed a constitutional violation, none of the other guards can be liable for refusing to intervene.

**Counts 2 and 3** attempt to state claims under state law. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). However, in this instance, Plaintiff's federal claim does not survive threshold review. "[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial. Indeed, this presumption counsels that the better practice is for district courts to state explicitly their reasons for taking the opposite course." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The Court therefore declines to exercise jurisdiction over Plaintiff's

state law claims and does not rule on the merits of those claims. **Counts 2** and **3** will be dismissed without prejudice to Plaintiff refiling those claims in state Court.

### Pending Motions

As the Court will be dismissing Plaintiff's claims, Plaintiff's Motion for Service of Process at Government Expense is **MOOT**. (Doc. 3).

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. The Court declines to exercise jurisdiction over **COUNTS 2 and 3** and thus **DISMISSES** those claims without prejudice to Plaintiff refiling them in state court. Plaintiff cannot refile those claims in Federal Court.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)

may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: November 9, 2016**

> s/ STACI M. YANDLE
> United States District Judge